UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JAMES S. HAWKINS-EL III and
VALERIE GASTON,

          Plaintiffs,

   -against-

AIG FEDERAL SAVINGS BANK,

          Defendant.
----------------------------------------------------------x



MEMORANDUM AND ORDER
07-CV-1274 (DLI)

IRIZARRY, United States District Judge.

Plaintiffs, appearing *pro se,* bring this action pursuant to 28 U.S.C. § 1332. Plaintiffs have paid the filing fee to bring this action, but the Court dismisses the complaint as it is frivolous for the following reasons.

## BACKGROUND

Plaintiffs' cause of action is exactly the same as that of a complaint they filed in July of 2005 that was dismissed by the Court pursuant to Fed. R. Civ. P. 12(b)(6) on July 13, 2006 for failure to state a claim on which relief can be granted, which decision was affirmed by the Second Circuit Court of Appeals. See Hawkins-El v. AIG Fed. Sav. Bank, No. 06-3534-cv, 2007 WL 642952 (2d Cir. Feb. 27, 2007).

In this Court's earlier decision in Hawkins-El v. AIG Savings Bank, 05-CV-3222 (DLI) (LB), a diversity action against this same defendant, plaintiffs alleged that defendant fraudulently induced them to sign documents for the closing on plaintiffs' mortgage based on misrepresentations. Specifically, plaintiffs alleged, as they do again in the instant action, that, on July 2, 2004, they

1

refinanced their home by executing a promissory note and mortgage in favor of AIG. See 05-CV-3222 Compl. ¶¶ 4,7 and instant Compl. at 1, ¶ 7. Loan Officer Larry Ganca ("Ganca") was present as agent for AIG, and Michael Lowitt ("Lowitt") was the closing attorney. Id. Plaintiffs began signing the loan documents during the closing and attempted to write "All Rights Reserved" ("The Mark") above their signatures on the loan documents. See 05-CV-3222 Compl. at ¶ 5, instant Compl. at p 2. Plaintiffs were instructed to stop endorsing the loan documents and Lowitt took the documents that plaintiffs had already signed out of the conference room to AIG loan agent Corey Gindi ("Gindi"). Id. Gindi then entered the conference room and advised plaintiffs that they could not continue to sign the documents with The Mark above their signatures because "The Bank" (AIG) would not accept the documents with The Mark. See 05-CV-3222 Compl. at ¶¶ 5-7, instant Compl. at 2. Plaintiffs stated that they were "merely exercising a right protected by Law to reserve our rights upon entering the loan contract." See 05-CV-3222 Compl. at ¶ 8, instant Compl. at 2, ¶ 11. Gindi then informed plaintiffs that the loan would be signed "my way or no way" and that AIG would pull out of the loan closing if plaintiffs insisted on placing The Mark above their signatures. Plaintiffs allege that this "threat" and "the extreme pressure and duress" applied caused them to acquiesce to AIG's terms for signing the loan documents, and the documents were fully executed without The Mark at the loan closing on July 2, 2004. See 05-CV-3222 Compl. at ¶ 10, instant Compl. at 2, ¶¶ 12-13.

Starting on July 4, 2004, plaintiffs began writing several letters to AIG complaining about AIG's refusal to allow plaintiffs to add The Mark to their signatures on the loan documents. See 05-CV-3222 Compl. at ¶¶ 12-18, instant Compl. at 3. In a letter dated December 10, 2004 from AIG, plaintiffs were advised by AIG representative Carl Lutz ("Lutz") that the loan was closed in

2

accordance with AIG's required terms, that AIG agents are not permitted to deviate from those requirements, and that the fact that plaintiffs' loan had successfully closed signaled that plaintiffs were agreeable to those terms. See 05-CV-3222 Compl. at ¶ 15, instant Compl. at 4. In both the prior and instant action, plaintiffs seek money damages, not to rescind their mortgage.

By Report and Recommendation dated March 21, 2006, the Honorable Lois Bloom recommended that the Court grant defendant's motion to dismiss plaintiffs' complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. On July 13, 2006, the Court adopted Judge Bloom's opinion in its entirety. Plaintiffs filed an appeal of that decision to the United States Court of Appeals for the Second Circuit. By Mandate issued February 27, 2007, the Second Circuit affirmed the Court's decision and dismissed the appeal. See Hawkins-El, 2007 WL 642952.

## DISCUSSION

A. Frivolousness

In Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000), the Second Circuit affirmed the *sua sponte* dismissal of the plaintiff's third action alleging the same claims against defendants that were previously dismissed by the district court. Id. at 363. Similarly, plaintiffs here do not allege any new claims, but merely repeat the same allegations as in their prior action. As set forth in the Court's prior order dismissing the first action, this complaint fails to state a claim, and its resubmission as a new action is frivolous.

B. *Res Judicata*

In addition, plaintiffs' instant action is barred by the doctrine of *res judicata*. The doctrine of *res judicata* holds that when a judgment is rendered on the merits, it bars a second suit between

3

the same parties or their privies based on the same cause of action or claims. Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002); Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000). Moreover, a court may consider the issue of *res judicata sua sponte*, assuming the court has all relevant data and legal records. See Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir.1993) ("The failure of a defendant to raise res judicata in answer does not deprive a court of the power to dismiss a claim on that ground."). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); accord St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000).

To determine whether *res judicata* applies to preclude later litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001); Bay Fireworks, Inc. v. Frenkel & Co., Inc., 359 F. Supp.2d 257, 261 (E.D.N.Y. 2005). Here, plaintiffs' complaint is duplicative of their prior complaint. The Court finds plaintiffs' instant complaint to be a futile attempt to re-litigate the same claims plaintiffs asserted unsuccessfully in their prior action. Accordingly, this action is frivolous. Fitzgerald, 221 F.3d 362 at 363; Salahuddin, 992 F.2d at 449 ("Dismissal of appellant's recycled claims was not only appropriate but virtually mandatory").

## CONCLUSION

Accordingly, the complaint is hereby dismissed. Although plaintiffs paid the filing fee to bring this action, if they request *in forma pauperis* for any appeal, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
DORA L. IRIZARRY

United States District Judge

Dated: Brooklyn, New York

April 24, 2007